## WILLIAM MASON *vs.* DAVOL MILLS.

Bristol.    Oct. 25, 1881. — Jan. 4, 1882.    MORTON & ALLEN, JJ., absent.

A statute provided that, in case of the increase of the capital stock in any corporation, the stockholders might take the new stock at par; and that the shares not taken might be sold at auction for the benefit of the corporation, "but all premiums realized from such sales shall be paid" to those stockholders in their proper proportions who did not avail themselves of their right to take the new shares.   A later statute provided that, whenever any corporation subject to the provisions of the former statute should increase its capital stock, the shares not taken by the stockholders "may be sold or issued in such manner as the stockholders of the corporation shall by vote direct;" but that no shares should be sold for less than their par value.   While this latter statute was in force, a corporation increased its capital stock.   The stockholders voted that all shares not taken at a certain date should be sold by public auction, or in such manner as to the directors might seem advisable; and the directors caused them to be sold by public auction.   *Held,* in an action by a stockholder, to recover the premiums realized from the sale of the shares which he did not avail himself of the right to take, that the case was governed by the provisions of the later statute; and that the action could not be maintained.

CONTRACT to recover premiums realized from the sale of shares of new stock in the defendant corporation, under a vote of the stockholders increasing its capital stock. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court on appeal, upon an agreed statement of facts, the material parts of which appear in the opinion.

*H. K. Braley,* for the plaintiff.

*A. S. Wheeler,* (*J. M. Morton* with him,) for the defendant.

ENDICOTT, J.   The St. of 1870, *c.* 179, provides that, in case of the increase of the capital stock in any corporation, the stockholders may take the new stock at par; and that the shares not taken may be sold by auction for the benefit of the corporation, "but all premiums realized from such sales shall be paid" to those stockholders, in their proper proportions, who did not avail themselves of their right to take the new shares.   The

question in this case is, whether the increase of capital stock by the defendant, in 1879, is governed by these provisions.

The St. of 1871, *c.* 392, requires that a railroad corporation, authorized to increase its capital stock, "shall" sell by auction "all shares" of the new stock for the benefit of the corporation; repeals so much of the St. of 1870, *c.* 179, as is inconsistent therewith; and so amends that act "that any corporation duly authorized to increase its capital stock may sell its shares by public auction for the benefit of the corporation." But this last clause is shown by the context to mean a sale of all the new shares for the benefit of the corporation, in which case no further provision is necessary to secure equal rights to all the stockholders. It does not affect the case of a sale of particular shares of one stockholder, if the corporation has acted under the provisions of the St. of 1870, *c.* 179.

The St. of 1874, *c.* 372, which revised and consolidated all previous acts relating to railroads, expressly repeals, in § 182, the St. of 1871, *c.* 392. The provision of § 183, that the repeal shall not revive any law heretofore repealed, merely prevents so much of the St. of 1870, *c.* 179, as had been repealed by the St. of 1871, *c.* 392, from being revived. It has no effect on the part of the St. of 1870, *c.* 179, which had not been repealed, but leaves that part in full force.

But the St. of 1877, *c.* 230, which amends the St. of 1870, *c.* 224, concerning manufacturing and other corporations, removes any difficulty that may arise in the construction of the previous statutes. It provides, in § 3, that whenever any corporation subject to the provisions of the St. of 1870, *c.* 224, other than a gas company, shall increase its capital stock, the shares not taken by the stockholders "may be sold or issued in such manner as the stockholders of the corporation shall by vote direct;" but no shares shall be sold for less than their par value. The provision is not merely that such shares may be sold, but also that they may be issued in such manner as the stockholders may direct. They may be sold, and any premium obtained therefor may be withheld from the stockholder, or they may be issued in such manner that no premium will be received. This provision, therefore, deprives a stockholder, who has not taken his proportion of new shares, of any right to a premium obtained

on a sale thereof pursuant to a vote of the stockholders, unless the vote in terms so provides.   Whether the stockholders could vote to give a premium so received to the stockholder, we need not determine in this case.   This statute was in force when the defendant, a manufacturing corporation, increased its capital stock.   The stockholders voted that all shares not taken at a certain date should be sold by public auction, or in such manner as to the directors might seem advisable ; and the directors caused them to be sold by public auction.   This was a substantial compliance with the provisions of the statute ; and the plaintiff cannot recover the premiums obtained upon the shares which he had a right to take, but which right he did not avail himself of in due season.   The provisions of the statutes must determine his rights.                            *Judgment for the defendant.*