## JOSEPH W. SMITH *vs.* FRANKLIN PARK LAND AND IMPROVEMENT COMPANY.

Suffolk.    December 9, 1896. — May 20, 1897.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Increase of Capital Stock — Bill in Equity to compel the Issue of Certificates of Stock.*

A bill in equity cannot be maintained to compel a corporation, whose business is the buying and selling of real estate, to issue certificates for certain shares of its capital stock where it appears that the directors, pursuant to authority given to them by the stockholders, voted to increase such capital stock, and to authorize the president to sell or issue, in such manner as he saw fit, so much thereof as should not be taken by the stockholders; and that the president sold to the plaintiff, at private sale, certain shares of such new stock, and for money paid thereon gave a receipt, on behalf of himself and the corporation, reciting that, after a time stated, "a certificate for said shares will be issued by said company to the holder of this receipt, upon surrender of the same and payment in full for said shares at the par value," although, after the time stated, the plaintiff tenders payment in full for the stock and offers to surrender the receipt.

BILL IN EQUITY, filed March 14, 1896, to compel the defendant corporation to issue certificates on certain shares of new capital stock held by the plaintiff.

The bill alleged that on March 30, 1889, at a meeting of the directors of the defendant corporation, pursuant to authority given to them by the stockholders, it was voted that the capital stock of the corporation be increased from one hundred thousand to five hundred thousand dollars by the issue of sixteen thousand additional shares of a par value of twenty-five dollars each, and that all shares not taken by the stockholders in accordance with such vote should be sold or issued by the president of the company in such manner as he should see fit, but that no share should be sold or issued for a less amount than the par value thereof; that on May 1, 1889, Francis M. Holbrook applied to Moody Merrill, president of the corporation, for two hundred and fifty shares of such new stock, and paid to him, in part payment therefor, the sum of six thousand dollars, for which he was given a receipt, stipulating that on or after May 1, 1889, a certificate for such shares should be issued to the holder thereof upon surrender of the receipt, and payment in full for such shares at the par value thereof; and that on April 29, 1895, Holbrook sold to the plaintiff his interest in such shares, and transferred to him the receipt therefor. The bill, after reciting similar sales on May 1 and September 4, 1889, to Francis M. and Lucy A. Holbrook of two hundred and ninety-two additional shares of such stock, which were paid for in full, for which similar receipts were given, and which were in like manner transferred to the plaintiff, further alleged that the stock held by the plaintiff was not taken by the stockholders within the time limited by the vote of the directors, and that they were included in those shares which the president of the corporation was authorized to issue and sell; that shortly after May 1, 1889, and at divers other times prior to the assignment of the receipts to the plaintiff, Francis M. Holbrook, for himself and Lucy A. Holbrook, requested the president of the corporation, Moody Merrill, to issue certificates for the shares of stock so sold by him, tendering to him, for the corporation, the balance due for the two hundred and fifty shares of stock first sold to him and offering to surrender all of the receipts given by him; that Merrill in behalf of the corporation promised that such shares of stock would soon be issued and delivered, but that they never were issued and delivered; that until May, 1892, in-

terest was semi-annually paid to Francis M. and Lucy A. Holbrook on the money paid by them; that in May, 1893, Holbrook requested the treasurer of the corporation to issue certificates for the shares of stock for which such receipts were held, and was informed that the treasurer had no authority to issue such certificates or stock, and that he declined so to do; that after the assignment of the receipts to the plaintiff he tendered to the defendant the balance due on the stocks so sold, and offered to surrender all the receipts given by Merrill, and requested the defendant and its president to issue to him a certificate for five hundred and forty-two shares of such new stock, but the defendant refused so to do.

The prayer of the bill was that the defendant might be ordered to issue a certificate for five hundred and forty-two shares of its new capital stock upon payment by the plaintiff of the balance due and the surrender of the receipts.

The vote of the directors to which reference was made in the plaintiff's bill was as follows: "Voted that, pursuant to the authority given by the stockholders to the directors at a special meeting held March 27, 1889, the capital stock of the corporation be increased from one hundred thousand dollars ($100,000) to five hundred thousand dollars ($500,000) by the issue of sixteen thousand (16,000) shares of a par value of twenty-five dollars ($25) each, and that written notice of this increase be given to each stockholder who was such at the date of the vote to increase (March 27, 1889), stating the amount of the increase, the number of shares or fractions of the new stock which said stockholder is entitled to take, and the time (which shall be thirty days) from the giving of such notice within which such new stock shall be taken, and within said time each stockholder may take at par his proportion of such new shares according to the number of his shares at the date of such vote to increase (March 27, 1889), and the shares which are not so taken shall be sold or issued by the president in such manner as he shall see fit, but no shares shall be sold or issued for a less amount than the par value thereof."

The receipts given by the president of the defendant corporation to Francis M. and Lucy A. Holbrook, and the transfers thereon, were, except as to date, amounts paid, and number of

shares, identical in form with the receipt given on September 4, 1889, a copy of which is as follows:

"Franklin Park Land and Improvement Co. — Interest allowed on all payments @ 6%.

"Boston, Sept. 4, 1889.

"Received of Frank M. Holbrook, of Boston, Mass., the sum of five hundred and twenty-five dollars, in full payment for twenty-one (21) shares in the capital stock of the Franklin Park Land and Improvement Company, at the par value of twenty-five dollars per share. On May 1st, 1889, or at any time thereafter, a certificate for said shares will be issued by said Company to the holder of this receipt, upon surrender of the same and payment in full for said shares at the par value named herein.

"Six months interest paid to Nov. 15, 1890.   $15.75.
  "     "       "   May    1891.
  "     "       "   Nov.   "
  "     "       "   May    1892.

"Moody Merrill, Prest. and for self."

The following transfer appears on the back of the above receipt:

"Apr. 29, 1895.   I hereby sell and transfer this receipt and my interest in the shares named therein to Joseph W. Smith of Boston.   Francis M. Holbrook."

The defendant demurred to the bill for want of equity, and on a hearing in the Superior Court the bill was dismissed; and the plaintiff appealed to this court.

C. F. Eddy, for the plaintiff.

W. Emery, for the defendant.

MORTON, J. Assuming that the receipts were given on behalf of the corporation, and that the money was received by Merrill for it, we come to the question whether the corporation had power to authorize the president to sell and issue shares in such manner as he saw fit, and whether private sales by him, which the sales in this case were, were valid sales, and such as this court will enforce. It is to be observed that it is nowhere alleged in the bill that the capital stock was increased by the stockholders. From the vote of the directors, it would appear as though they increased it pursuant to authority purporting to

be given them by the stockholders, which manifestly could not be done. It seems to have been assumed on both sides, however, that the increase was the result of proper action on the part of the stockholders, and we proceed on that assumption.

The bill does not allege how or when the defendant company became a corporation, or for what purpose it was organized. It is recited in St. 1889, c. 102, § 1, that it was organized under the general laws of this Commonwealth, and from that act and St. 1887, c. 168, and from its name, we infer that its business is that of buying and selling real estate. If so, Pub. Sts. c. 106, § 37, would seem inapplicable, because the defendant corporation could not organize under that chapter (see § 14), and, so far as appears, does not come within the enumeration of those described in § 3 as governed by its provisions. But even if c. 106, § 37, does apply, the plain implication of that section is that the stockholders must direct by vote the manner of sale, and cannot delegate their power. See *Mason* v. *Davol Mills,* 132 Mass. 76; *Crosby* v. *Dracut,* 109 Mass. 206; *Harris* v. *Marblehead,* 10 Gray, 40; *In re Leeds Banking Co.* L. R. 1 Ch. 561; *Monmouth Ins. Co.* v. *Lowell,* 59 Maine, 504; *Silver Hook Road* v. *Greene,* 12 R. I. 164; *Farmers' Ins. Co.* v. *Chase,* 56 N. H. 341; *Rutland & Burlington Railroad* v. *Thrall,* 35 Vt. 536.

The plaintiff relies on Pub. Sts. c. 105, § 20. That section requires the untaken shares to be sold by the directors at public auction. The stock which is the subject of the present suit was not only not sold at public auction, but was, sold in a manner which was the opposite of that contemplated by the statute. We do not see how the plaintiff can maintain a bill to compel the issue of certificates representing stock thus sold. Very likely, as the plaintiff argues, if the certificates had been issued and delivered, the corporation could not maintain a bill for their cancellation and return. But that is very different from saying that the corporation can be compelled to issue certificates for stock which it has sold, if not in violation of law, at least in a manner in which it had no authority to sell it.

Whether the plaintiff has any other remedy it is not necessary for us to consider. For the reasons given, we think that the present bill cannot be maintained.

We have not found it necessary to consider the question of laches.                                            *Decree affirmed.*